NEU et al v. FOX.

(Supreme Court, Appellate Division, Second Department. May 1, 1912.)

EXECUTION (§ 60*)—ORDER—BY WHOM MADE—STATUTORY PROVISIONS.

 Under Code Civ. Proc. § 1391, which provides that a judgment creditor may apply to the court in which the judgment was recovered, and have an execution ordered by "the court, if a court not of record, a judge or justice thereof * * * or if a court of record, a judge or justice," and directs that for a modification the party may apply to "the court from which such execution shall issue," the order is authorized to be made by the court, and, where an order was made by the presiding justice upon application to the court, it was improperly vacated on the ground that it was granted by the court rather than by the justice in chambers.

 [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 146, 147; Dec. Dig. § 60.*]

Appeal from Special Term, Kings County.

Action by Jacob Neu and others against William J. Fox. From the vacation of an order for an execution against the defendant's salary,

---

obtained by John A. Schwarz, plaintiffs appeal. Reversed and motion denied.

See, also, 133 N. Y. Supp. 1134.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Alfred J. Gilchrist, of Brooklyn (C. Elmer Spedick, of Brooklyn, on the brief), for appellants.

William H. Burby, of Brooklyn, for respondent.

THOMAS, J. The plaintiffs, judgment creditors, obtained an order for the first execution against the defendant's salary, and the judgment creditor Schwarz subsequently obtained a similar order, and thereupon moved to vacate the first order upon the ground that it was granted by the court, and not by the justice, and from the order granting such motion the plaintiffs appeal.

It is unnecessary to consider the contention that the order, though in form that of the court, may be stripped of whatever indicates such nature and be regarded as a chambers order. The Code of Civil Procedure, § 1391, provides that:

"The judgment creditor may apply to the court in which said judgment was recovered or the court having jurisdiction of the same without notice to the judgment debtor and upon satisfactory proof of such facts by affidavits or otherwise, the court, if a court not of record, a judge or justice thereof, must issue, or if a court of record, a judge or justice, must grant an order directing that an execution issue. * * * Either party may apply at any time to the court from which such execution shall issue, or to any judge or justice issuing the same, or to the county judge of the county, and in any county where there is no county judge, to any justice of the City Court upon such notice to the other party as such court, judge, or justice shall direct for a modification of said execution, and upon such hearing the said court, judge or justice may make such modification of said execution as shall be deemed just. * * * *"

If, now, the order be tested by this statute, it shows on its face that the application was made to the court, and that the judge presiding at the court granted the order as the statute directed him to do. The order indicates to what court the application was made, when it was made, and that upon such application the order was granted. Had it been a Justice's Court, the justice would issue the execution. As it was a court of record the judge or justice presiding, as compelled, granted an order for the execution. The Code consistently directs that for a modification the party may apply to the court from which such execution shall issue, thereby intending a court of record, or to any judge or justice issuing the same, thereby intending a court not of record. The order conforms to the literal requirements of the statute.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

135 N.Y.S.—14