Matter of the Application of WILLIAM H. PARKMAN, Judgment Creditor, to Set Aside a Garnishee Execution against the Salary of GEORGE E. NOETH, Judgment Debtor.

(Supreme Court, Monroe Special Term, July, 1919.)

Executions — special county judge has no power to issue a garnishee execution.

> A special county judge has no power to issue a garnishee execution upon a judgment recovered in the Supreme Court.

MOTION to set aside a garnishee execution.

Charles R. Kreidler, for motion.

Frederick B. Hall, opposed.

RODENBECK, J. A garnishee execution was issued against the above-named judgment debtor and thereafter the judgment creditor above named secured

another garnishee execution against the same judgment debtor from a special county judge and then moved to vacate the prior execution on the ground of fraud and illegality. The execution of the applicant is attacked as having been illegally issued by the special county judge and as furnishing no basis for the application. This objection is well taken. The Code of Civil Procedure provides by whom the execution shall be issued. § 1391. That section provides that the application shall be made to the court and it may be issued in a court of record by a judge or justice thereof. This language has been construed to require the execution to be issued by the court in the case of a judgment in the Supreme Court (*Neu* v. *Fox,* 151 App. Div. 17), but even if it be construed to authorize a justice of the Supreme Court at chambers to issue the execution, the language would not confer power upon a county judge or a special county judge to do so. There is no provision of the Code of Civil Procedure which confers upon a county judge or special county judge the power exercised by a Supreme Court justice at chambers in all cases. §§ 241, 772. The special county judge had no power to issue the execution in this case since it is a power expressly conferred upon the Supreme Court or a justice thereof. The question is one of jurisdiction and power, and it is not a matter for construction but one for clear legislative expression. *Gates* v. *Gates,* 171 N. Y. Supp. 1036.

Motion denied, with ten dollars costs.